UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND V. HAYES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST CREDIT SYSTEMS, L.P., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.4:21-cv-01518 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RAYMOND V. HAYES, JR. ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person, over 18 years of age, residing in Houston, Texas, which lies within the Southern District of Texas.

5. Defendant identifies itself as "a leading national provider of accounts receivable management and consumer service solution."[1] Defendant's principal place of business is located at 4120 International Parkway, Suite 1100, Carrollton, Texas 75007. Defendant regularly collects upon consumers located within the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt that Plaintiff allegedly owed to T-Mobile in the amount of $137.50 ("subject consumer debt").

8. In approximately April 2021, Plaintiff began receiving calls to his cellular phone, (404) XXX-8916, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8916. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.swcconsumer.com/about.html

10. Defendant has called Plaintiff primarily using the phone number (888) 982-6994, but upon belief, Defendant has used other phone numbers as well.

11. On or around April 2, 2021 Defendant has placed a phone call to Plaintiff's cellular phone as early as 7:05 a.m.CST, while he was located in Texas.

12. Defendant's early morning call disturbed Plaintiff's sleep.

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject consumer debt.

14. Plaintiff was confused by Defendant's attempt to collect upon the subject consumer debt as he did not have any outstanding obligation to T-Mobile.

15. Plaintiff informed Defendant that he was on a pre-paid monthly plan that did not require a contract, as he was required to pay for his cellular services in advance to keep them activated.

16. On or about April 8, 2021 Plaintiff received a letter from Defendant seeking collection on the subject consumer debt after Plaintiff advised that he did not have any obligation to pay.

17. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expended resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions. The early morning call from Defendant caused Plaintiff to be prematurely awoken on a morning that he had to go to work.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls made in connection with a debt not owed, getting calls at an unreasonably early hour, emotional distress, mental anguish, increased usage of his telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector and is a business whose principal purpose is the collection of debts.

24. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c and §1692d**

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §1692c(a)(1), d and d(5)when it called Plaintiff as early as 7:05 a.m. despite knowing that that this early phone call would be inconvenient to Plaintiff. Defendant's unreasonably early morning phone call demonstrates the extent to which Defendant indiscriminately contacted Plaintiff's cellular phone in a harassing attempt to annoy and abuse him

into submission. This behavior of calling Plaintiff's cellular phone so early in the morning on a work day was harassing and abusive.

27. Additionally, Defendant violated §1692d through its attempts to collect a debt from Plaintiff which he did not owe. Subjecting an innocent consumer to collection efforts on the subject consumer debt which was not owed was inherently conduct which had the natural consequence of harassing and abusing Plaintiff.

### b.  Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite the fact that Plaintiff did not owe the subject consumer debt, Defendant made multiple attempts to collect from Plaintiff, including after being told that the subject consumer debt was not owed.

WHEREFORE, Plaintiff RAYMOND V. HAYES, JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

  a.  **Violations of TDCA § 392.302**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), a debt collector may not oppress, harass, or abuse a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated § 392.302(4) of the TDCA when it called Plaintiff's phone as early as 7:05 a.m., outside of permissible collection hours.

37. **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

39. Defendant violated the above referenced portions of the TDCA when it attempted to collect upon a debt which Plaintiff did not owe. Through its collection attempts, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject consumer debt.

WHEREFORE, Plaintiff RAYMOND V. HAYES, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 7, 2021                                  Respectfully submitted,

*/s/ Nathan C. Volheim* (Lead Attorney)             */s/ Eric D. Coleman*
Nathan C. Volheim, Esq. #6302103                    Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Eastern District of Texas           Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (331) 307-7648 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            ecoleman@sulaimanlaw.com